## TEXAS & N. O. R. CO. v. LEVISON.

### No. 10247.

Court of Civil Appeals of Texas. San Antonio.

Feb. 16, 1938.

Rehearing Denied March 16, 1938.

Baker, Botts, Andrews & Wharton, of Houston, DeWitt Murray, of Floresville, and B. W. Teagarden, of San Antonio, for appellant.

Lewis & Russell, of San Antonio, for appellee.

SMITH, Chief Justice.

Charles Levison brought this action against Texas & New Orleans Railroad Company for damages for personal injury resulting to him when one of the railroad company's trainmen shot him while ejecting him, as an admitted trespasser, from one of the company's freight cars. From a judgment awarding damages to Levison, the railroad company has appealed.

Resolving the disputed evidence in favor of appellee, as we must do, the facts are, briefly, that appellee, a twenty-one year old boy, was a trespasser "stealing a ride" on appellant's freight train. One of the trainmen ordered him off the car on which he was riding. While obeying the order, appellee was climbing down from, or leaving, the car when the trainman shot twice towards him, intending, the trainman testified, not to hit him, but only to frighten him. One of the bullets, however, struck appellee in the rear of the calf of one of his legs. The injury here complained of resulted. The trainman testified to facts which, if established to the satisfaction of the jury, rendered appellee's conduct most aggravating, and warranted the trainman's intention to frighten him by all reasonable means necessary to put a stop to his harassing conduct. These matters of fact, however, were for the jury, and not this court, to resolve, and we overrule appellant's first, fourteenth, and fifteenth propositions, questioning the sufficiency of the evidence to support a jury finding that appellant's trainman resorted to more force than was necessary in ejecting appellee from the train, and to support the amount of the judgment.

Because they present objections to the charge not made below, or assigned as error, we pass over appellant's propositions of law relating thereto, and look to the assignments of error for such objections as were actually assigned. We have carefully

considered these assignments and conclude they present no reversible error.

The judgment is affirmed.

MURRAY, J., did not participate in the decision of this case.